IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HECTOR MORALES : CIVIL ACTION

v. :

THE PUBLIC DEFENDERS OF DELAWARE : NO. 12-6531
CO., et al.

MEMORANDUM

JONES, J.                                                       DECEMBER 17, 2012

Hector Morales brings this pro se civil rights action against the Public Defenders of Delaware County ("Public Defender's Office"), Steven M. Papi, Patrick J. Connors, Judge Michael Coll, Christopher R. Boggs, Eugene Tinari, a John Doe Court Reporter, John J. Whelan, Gerald C. Montella, and Officer Avery E. Freeman. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. FACTS[1]

Plaintiff's claims all relate to his arrest, prosecution, and conviction for certain offenses in Delaware County. Plaintiff alleges that he was falsely arrested by Officer Freeman on an occasion when he called police to report that a woman was trespassing on his property in violation of a protective order. According to plaintiff, when Officer Freeman arrived on the

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets of the criminal proceedings underlying plaintiff's claims.

1

scene, the alleged trespasser showed him drugs on the property, at which point plaintiff was "immediately arrested . . . without probable cause or knowledge of illegal materials." (Compl. II.D.) Plaintiff also appears to be alleging that the officer illegally searched his home and seized items from the premises.

Plaintiff was subsequently charged with drug-related offenses. The publicly available docket for that proceeding, CP-23-CR-0006278-1999 (the "1999 case"), as well as exhibits attached to plaintiff's complaint, reflect that plaintiff was arrested on November 24, 1999, and that a criminal complaint was filed against him either that day or the following day. Plaintiff was released on bail. On December 14, 2000, a bench warrant was issued for his arrest.

Plaintiff was arrested again in July 2011. On that occasion, it appears that he was riding in a car with another individual when they were stopped because one of the tail lights on the car was out. Plaintiff alleges that the officer who stopped them searched his pocket illegally and then arrested him upon finding a bag of cocaine.[2] According to the publicly available docket, CP-23-CR-0005957-2011 (the "2011 case"), Plaintiff was charged in Delaware County with additional drug related offenses. He was also served with the bench warrant in the 1999 case. Judge Coll of the Delaware County Court of Common Pleas presided over both cases.

---

[2] Plaintiff did not identify the officer who arrested him or name that officer as a defendant in this case.

2

Plaintiff was appointed counsel in the 1999 case from the Delaware County Public Defender's Office, Christopher Boggs. As the Public Defender's Office represented plaintiff's co-defendant in the 2011 case, he was appointed conflict counsel in the 2011 case, Josephy A. Malley III. Documents attached to the complaint reflect that attorneys from the Public Defender's Office advised plaintiff's co-defendant not to testify in connection with a motion to suppress that plaintiff filed in the 2011 case. Accordingly, Boggs filed a petition in the 1999 case seeking new counsel for plaintiff in light of the Public Defender's Office's conflict of interest. It appears that plaintiff was appointed new counsel in the 1999 case - Josephy A. Malley III - although it also appears that he subsequently retained Eugene Tinari. Plaintiff alleges that he did not receive effective assistance of counsel in light of the conflict.

Plaintiff ultimately pled guilty in the 1999 case. He contends that counsel forced him to plead guilty and that he was also coerced by Judge Coll, who allegedly pressured him at pre-trial hearings. It appears that plaintiff was found guilty by a jury in the 2011 case, and that attorneys from the Public Defender's Office - Steven M. Papi and Patrick J. Connors - are representing him on appeal. Plaintiff contends that the Public Defender's Office and its attorneys are obstructing justice by failing to withdraw from representing him on appeal in light of the prior conflict. He also requested copies of certain transcripts from the court reporter, apparently so he could

3

prepare his own appeal. Plaintiff has not received copies of those transcripts, but a letter attached to the complaint reflects that his attorney, Steven Papi, has a copy. Papi indicated that he could not send the transcripts to plaintiff because he only had one copy, which he was using to prepare plaintiff's appeal.

In light of the above, plaintiff alleges a conspiracy among the Public Defender's Office, Judge Coll, the prosecutor,[3] and other court officials, apparently to deprive him of his right to the effective assistance of counsel. He also asserts that his criminal proceedings were infected by prosecutorial and judicial misconduct. Accordingly, he initiated this lawsuit pursuant to 42 U.S.C. §§ 1981, 1983 & 1985 and 18 U.S.C. §§ 1503 & 1510, seeking "declaratory judgment, punitive and compensatory judgment and a writ of mandamus served upon [the] court reporter ordering the production of transcripts" from the state court proceedings. (Compl. ¶ V.) He also attached to his complaint a motion for counsel and a motion for "temporary and immediate injunctive relief."

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it

---

[3]The complaint does not identify the prosecutor by name.

4

is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record and documents that are attached to the complaint. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Claims Under 18 U.S.C. §§ 1503 & 1510

Plaintiff purports to be bringing claims pursuant to 18 U.S.C. §§ 1503 & 1510. Those are criminal statutes that do not give rise to civil liability. See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994)

("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, plaintiff's claims brought pursuant to those statutes will be dismissed.

### B. Claims Under 42 U.S.C. §§ 1981 & 1985

Plaintiff also purports to be bringing claims pursuant to 42 U.S.C. §§ 1981 & 1985. To succeed on a claim under § 1981, a plaintiff must demonstrate: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002) (quotations omitted). As nothing in plaintiff's complaint suggests that he was discriminated against in connection with the making or enforcing of contracts, any claims he intended to bring pursuant to § 1981 are dismissed. The Court will also dismiss plaintiff's claims under § 1985 because he has failed to plead facts indicating "that an actual agreement existed among the parties" so as to establish a plausible conspiracy claim. Muhammad v. Cappellini, 477 F. App'x 935, 938 (3d Cir. 2012) (Per curiam); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the viability of a complaint . . . must look beyond conclusory statements . . . .").

6

C.  **Claims Against Officer Freeman**

Plaintiff's claims against Officer Freeman are time-barred. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998). However, the limitations period for false arrest and false imprisonment claims does not begin to run until "the alleged false imprisonment ends," for instance, when the plaintiff is held pursuant to legal process. Wallace, 549 U.S. at 389.

It is apparent from documents attached to the complaint and from plaintiff's criminal docket that Officer Freeman's search of his property, the seizure of items from that property, and plaintiff's related arrest, occurred on November 24, 1999. The same day or the next day, Officer Freeman filed a criminal complaint against plaintiff, charging him with drug-related crimes.[4] Accordingly, plaintiff's Fourth Amendment claims related to his arrest and the search of his property accrued at

---

[4] The public docket indicates that the criminal complaint was filed on November 24, 1999, but the portions of the criminal complaint that plaintiff attached to his pleading in this case reflect that it was filed on November 25, 1999.

7

that time. However, plaintiff did not file his complaint in this Court until November 16, 2012, well over a decade later.[5] See Pittman v. Metuchen Police Dep't, 441 F. App'x 826, 828 (3d Cir. 2011) (per curiam) ("[Plaintiff's] claims of false arrest . . . , false imprisonment, and assault accrued no later than when his arrests and detention occurred . . . ."); see also Woodson v. Payton, 2012 WL 5374133, at *2 (3d Cir. Nov. 2, 2012) (per curiam) (illegal search and seizure claims accrued on the date that the search and seizure occurred). Accordingly, those claims will be dismissed as time-barred.

### D. Claims Against the Public Defender's Office

The Public Defender's Office is not an entity capable of being sued under § 1983. See Simpson v. City of Coatesville, Civ. A. No. 10-100, 2010 WL 3155307 (E.D. Pa. 2010) (Chester County Public Defender's Office not an entity capable of being sued); Brinton v. Stine, Civ. A. No. 88-3657, 1988 WL 92212, at *1 (E.D. Pa. Sept. 1, 1988) ("The Public Defender's office is not a person and, consequently, may not be sued under § 1983."). Accordingly, the Public Defender's Office will be dismissed as a defendant in this case.

---

[5]Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Terrell v. Benfer, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam). The Court will therefore use the November 16, 2012 date on the certificate of service as the date of filing.

8

### E. Claims Against Gerald C. Montella and John J. Whelan

Plaintiff named Gerald C. Montella as a defendant in this action and identified him in the caption of the complaint as the Court Administrator of Delaware County. He also named John J. Whelan as a defendant and identified him in the caption as the District Attorney of Delaware County. However, the complaint does not identify Montella or Whelan's roles in the events giving rise to plaintiff's claims. Accordingly, plaintiff has failed to state a claim against those defendants. See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . .") (quotations and citation omitted). Furthermore, as noted above, plaintiff's conclusory allegations that court members and others were conspiring against him do not, without more, state a claim under § 1983.[6] See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

### F. Claims Against John Doe Court Reporter

Plaintiff also sued a John Doe court reporter, apparently

---

[6]To the extent that Whelan is being sued as the prosecutor who allegedly committed prosecutorial misconduct in connection with plaintiff's criminal cases, plaintiff's claims for damages are barred by absolute prosecutorial immunity, as all of the acts giving rise to those claims appear to have taken place in connection with judicial proceedings. See Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune when acting as an advocate in judicial proceedings.").

for failing to furnish him with transcripts from his criminal proceedings. However, documents attached to plaintiff's complaint reflect that his attorney received copies of the transcripts and that the attorney is using them to prepare an appeal on plaintiff's behalf. Accordingly, plaintiff's attorney, who was still his agent at the time plaintiff filed this action, has "the components necessary for meaningful [appellate] review." Simmons v. Beyer, 44 F.3d 1160, 1169 (3d Cir. 1995); see also Karabin v. Petsock, 758 F.2d 966, 969-70 (3d Cir. 1985) (no due process violation when there was no "colorable need" for transcripts). Furthermore, to the extent plaintiff requests a writ of mandamus to require the state court reporter to give him transcripts, there is no legal basis for his claim because federal courts have no authority to issue writs of mandamus against state officers. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam); see also Taylor v. Hayman, 435 F. App'x 62, 63 (3d Cir. 2011) (per curiam) (concluding that District Court lacked jurisdiction over mandamus petition seeking to compel state officials to act).

### G. **Plaintiff's Remaining Claims**

Plaintiff's remaining claims fail because they are not cognizable under § 1983. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Likewise, a plaintiff is not entitled to declaratory relief if success on his claims would necessarily demonstrate the invalidity of a not-yet-invalidated conviction or sentence. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

Plaintiff's remaining claims are premised on alleged constitutional deficiencies in his criminal cases. He contends that, throughout those proceedings, he was deprived of the effective assistance of counsel, subjected to prosecutorial and judicial misconduct, and coerced to plead guilty in the 1999 case. He also appears to be alleging that his counsel, the prosecutor, Judge Coll, and court employees conspired against him to deprive him of his constitutional rights and keep him imprisoned illegally. In sum, plaintiff is seeking damages and declaratory relief for constitutional violations that, if proven, would necessarily render his convictions and related imprisonment invalid. However, the complaint suggests that plaintiff's convictions have not yet been reversed or otherwise invalidated - a fact confirmed by publicly available dockets. Accordingly, the Court will dismiss plaintiff's claims because they are not cognizable under § 1983.

Plaintiff's claims fail for other reasons as well. Judges are entitled to absolute immunity from liability under § 1983 for

11

damages based on actions taken in their judicial capacity. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). Furthermore, "if persons are immune from Section 1983 liability for their acts by virtue of their function in the judicial process, they must be immune from Section 1983 liability for conspiring to do those acts." McArdle v. Tronetti, 961 F.2d 1083, 1085 (3d Cir. 1992), abrogated on other grounds by, Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). As plaintiff's claims against Judge Coll are all based on acts he took while he was presiding in a judicial capacity over plaintiff's criminal proceedings, Judge Coll is entitled to absolute immunity from damages under § 1983.[7]

Additionally, plaintiff's § 1983 claims against his attorneys fail because those defendants are not state actors. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys

---

[7] Although principles of judicial immunity would not preclude declaratory relief, declaratory judgment is unavailable "solely to adjudicate past conduct" or "to proclaim that one party is liable to another." Corliss v O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam).

performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). As plaintiff's allegations fall far short of establishing a conspiracy, his attorneys may not be considered state actors on the basis that they conspired with Judge Coll, the prosecutor, or court employees.[8] See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); see also Great W. Mining & Mineral Co., 615 F.3d at 178.

### H. Motions Attached to the Complaint

Plaintiff attached two motions to his complaint, one seeking the appointment of counsel, the other seeking "temporary and immediate injunctive relief" forbidding the Public Defender's Office from representing him in his criminal appeal. As the Court has concluded that there is currently no merit to plaintiff's claims, plaintiff's motion for counsel is denied without prejudice to his filing a motion for counsel at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in assessing a motion for counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Plaintiff's motion for injunctive relief is also denied because he has not demonstrated a likelihood of success on the merits of

---

[8]To the extent that plaintiff is raising malpractice claims against his attorneys under state law, there is no independent basis for jurisdiction over those claims in light of the fact that the Court has dismissed all of plaintiff's federal claims. In particular, it is not clear whether the Court has jurisdiction under 28 U.S.C. § 1332, because the complaint does not state the citizenship of the parties and it is not clear whether the amount in controversy exceeds $75,000.

his claims. See Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) ("A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."). In any event, plaintiff is not entitled to the injunctive relief that he seeks because federal courts are generally prohibited from interfering in state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43-45 (1971).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed and his motions are denied. Plaintiff will be given an opportunity to file an amended complaint in the event that he can cure any of the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.